IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Midwest Operating Engineers Welfare Fund; | ) | |
| Midwest Operating Engineers Pension Trust Fund; | ) | |
| Operating Engineers Local 150 Apprenticeship | ) | |
| Fund; Midwest Operating Engineers Retirement | ) | |
| Enhancement Fund; Local 150 I.U.O.E. Vacation | ) | |
| Savings Plan; and, the Construction Industry | ) | |
| Research and Service Trust Fund, | ) | Case No. |
| | ) | |
| Plaintiffs, | ) | Judge: |
| | ) | |
| v. | ) | |
| | ) | |
| Ryan & Associates, Inc., an Iowa Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiffs Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Midwest Operating Engineers Retirement Enhancement Fund; Local 150 I.U.O.E. Vacation Savings Plan (collectively "the Funds"); and, the Construction Industry Research and Service Trust Fund ("CRF") hereby file suit against Defendant Ryan & Associates, Inc. ("Ryan").

**COUNT I - FUNDS SUIT FOR AN AUDIT**

1. This Court has jurisdiction over this action pursuant to Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132, 1145; and pursuant to § 301 of the Labor Management Relations Act ("LMRA") 29 U.S.C. § 185 and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA because the Funds are located and administered in Cook County, Illinois.

3. The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1132(e)(2).

4. International Union of Operating Engineers, Local 150, AFL-CIO ("the Union"), is an employee organization under ERISA, 29 U.S.C. § 1002(4); and a labor organization under the LMRA, 29 U.S.C. § 152(5).

5. Ryan is an "employer" within the meaning of ERISA, 29 U.S.C. § 1002(5) and the LMRA, 29 U.S.C. § 152(2).

6. On February 18, 1985, Ryan signed a collective bargaining agreement ("CBA") with the International Union of Operating Engineers known as the National Maintenance Agreement (Exhibit A), which requires Ryan to make fringe benefit contributions to the Funds in accordance with the terms of the local labor agreement when approved for a specific project. On October 3, 1994, Ryan signed a Memorandum of Agreement (Exhibit B) with the Union that adopted the terms of a CBA known as the Northern Illinois Building Contractors Association (Illinois Building Agreement) (Exhibit C). On June 2, 2003, Ryan signed a CBA known as the Industrial, Commercial, Residential and Building Construction Agreement between the Union and the Quad City Builders Association (Exhibit D). The current agreement is effective June 1, 2014, through May 31, 2017 (Exhibit E).

7. The CBAs and the Agreements and Declarations of Trust incorporated therein require Ryan to make fringe benefit contributions to the Funds.

8. The CBAs and Trust Agreements additionally require Ryan to:

    (a) Submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBA;

(b) Compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the Funds be required to file suit;

(c) Pay interest to compensate the Funds for the loss of investment income;

(d) Make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting, and pay any and all costs incurred by the Funds in the audit where it is determined that Ryan was delinquent in the reporting or submission of contributions;

(e) Pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to require Ryan to submit its payroll books and records for auditing or the recovery of delinquent contributions; and,

(f) Furnish to the Funds a bond in an amount acceptable to the Funds.

9. Ryan has breached its obligations to the Funds and its obligations under the Plans by failing and refusing to complete an audit as requested by the Funds.

10. The Funds have demanded that Ryan perform its obligations stated above, but Ryan has failed and refused to so perform (Exhibit F).

WHEREFORE, the Funds respectfully request that:

A. An account be taken as to all employees of Ryan covered by the collective bargaining agreement or agreements as to wages received and hours worked by such employees to determine amounts required to be paid to the Funds, covering the period January 1, 2015, to December 31, 2015;

B. Judgment be entered in favor of the Funds and against Ryan for all costs of auditing Ryan's records, and the Funds' reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined all as provided for in the Plans and in ERISA;

C. Ryan be permanently enjoined to perform specifically its obligations to the Funds; and,

D. The Funds have such further relief as may be deemed just and equitable by the Court, all at Ryan's cost.

## COUNT II – CRF SUIT FOR AUDIT

1. This Court has jurisdiction over this action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties and each party is situated with this judicial district.

CRF re-alleges and incorporates herein by reference paragraphs 3 through 8 of Count I as paragraphs 3 through 8 and as if fully stated herein.

9. CRF is a labor management cooperative committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186 (c)(9).

10. The CBA places similar obligations on Ryan with respect to CRF as it does the Funds. Ryan is delinquent and has breached its obligations to the CRF by failing and refusing to complete an audit as requested.

11. CRF has demanded that Ryan perform its obligations stated above, but Ryan has failed and refused to so perform (*see* Exhibit E).

WHEREFORE, CRF respectfully requests that:

A. An account be taken as to all employees of Ryan covered by the collective bargaining agreement or agreements as to wages received and hours worked by such employees to determine amounts required to be paid to CRF, covering the period January 1, 2015, to December 31, 2015;

B. Judgment be entered in favor of CRF and against Ryan for all costs of auditing Ryan's records, and the CRF's reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined all as provided for in the Plans and in ERISA;

C. Ryan be permanently enjoined to perform specifically its obligations to the CRF; and,

D. CRF receive such further relief as may be deemed just and equitable by the Court, all at Ryan's cost.

Dated: December 23, 2016   Respectfully submitted,

                                                  By:    /s/ Steven A. Davidson
                                                            One of the Attorneys for Plaintiffs

Attorneys for Plaintiffs:
Dale D. Pierson *(dpierson@local150.org)*
Steven A. Davidson *(sdavidson@local150.org)*
Robert A. Paszta *(rpaszta@local150.org)*
Institute for Worker Welfare, P.C.
6141 Joliet Road
Countryside, IL  60525
Ph. 708/579-6663
Fx. 708/588-1647